IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically filed:  March 20, 2006

|  |  |  |
|---|---|---|
| YANKEE ATOMIC ELECTRIC CO., ) | | |
| ) | | |
| Plaintiff, ) | | No. 98-126C |
| ) | | |
| v. ) | | (Senior Judge Merow) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Defendant. ) | | |

YANKEE ATOMIC'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN ENLARGEMENT OF TIME AND MOTION FOR AN ORDER (1) DIRECTING THAT YANKEE ATOMIC'S AMENDED COMPLAINT BE FILED FORTHWITH, AND (2) DIRECTING THE GOVERNMENT TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT NOT LATER THAN MARCH 31, 2006[1]

The government's motion for enlargement of time to respond to Yankee Atomic's motion for leave to amend its complaint is unfounded as well as dilatory.

Since the *Indiana Michigan* decision last September, the government has been demanding that Yankee Atomic and other spent fuel plaintiffs file amended complaints, if they are to recover damages for periods subsequent to the date of their existing complaints. Although Yankee Atomic disagrees that an amended complaint is necessary for that purpose, it has determined to file an amended complaint to facilitate entry of final judgment under Rule 54(b) on its claims for damages through 2002.

---

[1] This opposition and motion should also be deemed applicable to *Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C and *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C.

1

The government, having demanded that amended complaints be filed, cannot now be heard to suggest that it might have some objection to the *filing* of such a complaint. To the extent the government wants to raise statute of limitations issues or any other substantive issues, it can do so in response *after* the amended complaint is filed. But the government cannot legitimately object to the *filin*g of Yankee Atomic's amended complaint. The only basis for such an objection would be prejudice to the government, and the government has not even suggested that – nor could the government suggest prejudice, given that this case has already been tried, and the government has consented to amended complaints even in cases where trials are prospective.

The government's request for an enlargement is nothing more than a continuation of the government's pattern, throughout this case, of taking advantage of this Court's leniency in such matters. The government wants more time so that the filing of Yankee Atomic's amended complaint will be delayed, and then once that amended complaint is filed – as it inevitably will be – the government will likely seek to delay its substantive response as well. But even if the government does not delay its substantive response, the delay the government seeks here is not and cannot be justified. The government's motion notes that the missing official, who is Mr. Cohen, left his office on March 9, *ten days after* Yankee Atomic filed its motion for leave to file its amended complaint. There is no reason here to make Yankee Atomic suffer for the government's failure to plan in advance for how it will deal with matters such as the present one in Mr. Cohen's absence. After all, the entire "controversy" (such as it is) about amended complaints is entirely of the government's making. To suggest that Mr. Lester and Mr. Cohen have not discussed the issues is not credible – and wholly *dilatory.*

Yankee Atomic is suffering a very substantial and very palpable injustice as a result of the substantial, and unacceptable, delay in resolution of this case. Given Yankee Atomic's damages claim through 2002 of about $100 million, and comparably-sized claims by Connecticut Yankee and Maine Yankee, the Yankees collectively are losing $15 million per year in interest on their recoveries at an assumed 5% interest rate. The government's requested two-week enlargement costs the Yankees $500,000 by the same logic.

Yankee Atomic has previously noted this substantial monetary cost to it of delay, and we ask again that the Court take heed of the injustice that Yankee Atomic is suffering. This case is more than eight years old, and was tried nearly two years ago. The continuing delay in resolution of this case is costing the Yankees real money, and it is purely and simply unjust. Yankee Atomic implores the Court to resolve this case promptly.

The government's enlargement motion should be summarily denied. There is no possible basis for a claim of prejudice in the filing of that amended complaint. The Court should direct Yankee Atomic to file its amended complaint forthwith, and should direct the government to answer or otherwise respond to that amended complaint by March 31. Mr. Cohen will be back by then, and together with Mr. Lester he and the government team assigned to this case can make whatever substantive arguments they want to make at that time.

Dated: March 20, 2006                                  Respectfully submitted,

                                                                        s/ Jerry Stouck
                                                                        Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
(202) 331-3173 phone
(202) 261-4751 fax
*Counsel for Plaintiff*
YANKEE ATOMIC ELECTRIC
COMPANY

Of Counsel:

Robert L. Shapiro
Greenberg Traurig, LLP